## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL MERRILL, GREGORY WEBER, JEFFREY CARPENTER on behalf of themselves and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, | Case No. 10-700 Honorable Lynn Adelman |
| Plaintiffs, | |
| v. | |
| BRIGGS & STRATTON CORPORATION; GROUP INSURANCE PLAN OF BRIGGS & STRATTON CORPORATION, and DOES 1 THROUGH 20, | |
| Defendants. | |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

### I.  INTRODUCTION

1.      Plaintiffs Michael Merrill, Gregory Weber, and Jeffrey Carpenter ("Class Representatives"), on behalf of themselves and all other persons similarly situated, and the united Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("USW"), by their attorneys, Stember Feinstein Doyle Payne & Cordes, LLC, and Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C. bring this action against Defendants Briggs & Stratton Corporation (herein "Briggs & Stratton"), Group Insurance Plan of Briggs & Stratton Corporation ("Insurance Plan"), and Does 1 Through 20, and aver as follows.

**ANSWER:**    Defendants admit that the three individual plaintiffs purport to bring this action

against Defendants on behalf of themselves and other persons alleged to be similarly situated.

Defendants further admit that the USW is a plaintiff in this action as well.  Defendants deny the

remaining allegations contained in Paragraph 1 of the Complaint.

2. This action is brought by Class Representatives on behalf of themselves and a class of similarly-situated retirees ("Class Members") pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP"), and by the USW, which was the collective bargaining representative for certain employees of Briggs & Stratton. Class Members are former employees of Briggs & Stratton (and their spouses and beneficiaries) who were represented by the USW and who retired from Briggs & Stratton facilities in Wisconsin with (a) 30 years of service after having been hired before 1980, or (b) disability pensions with more than 10 but less than 30 years of service. All Class Members retired before August 1, 2006.

**ANSWER:** Defendants admit that the three individual plaintiffs purport to bring this case on behalf of themselves and others. Defendants further admit that the three individual plaintiffs are former Briggs & Stratton employees who retired prior to August 1, 2006, who were represented by the USW, and who retired from Briggs & Stratton facilities in Wisconsin with 30 years of service after having been hired before 1980, or with disability pensions with more than 10 but less than 30 years of service. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3. The USW (or its predecessor unions) and Briggs & Stratton were parties to a series of collective bargaining agreements ("CBAs"), the last of which became effective August 1, 2006. Under the 2006 CBA, Class Members with 30 years of service who were hired before 1980 are eligible **"for full Company paid premiums for medical, dental, and vision benefits for up to ten (10) years, but not beyond age 65,"** and thereafter for more limited coverage for "any balance of time between the 10 year maximum and age 65." Exhibit 1 hereto, excerpts from CBAs ("Exhibit 1-CBA Excerpts"), p.83. In addition, Class Members who retire on disability "with more than 10 but less than 30 years of service ... are eligible for Company paid medical benefits **until age 65."** Id.

**ANSWER:** Defendants admit that Briggs & Stratton and the USW (or its predecessor) were parties to a series of collective bargaining agreements (CBAs). Defendants further admit that the Complaint selectively cites from portions of the CBA that was effective from August 1, 2006, to July 31, 2010. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4. Under these controlling documents, Briggs & Stratton has no right to reduce or terminate benefits for Class Members before the expiration of the ten-year periods or Class Members' attainment of age 65. This shown by the fact that, *inter alia*, during 2005-2006

2

contract negotiations, the USW and Briggs & Stratton negotiated a contract clause that essentially stated that **any right of Briggs & Stratton to alter benefits applies only to employees retiring on or after August 1, 2006**. All Class Members retired before that date, and many of them retired early (giving up a $4000 benefit) specifically to avoid benefit changes that could apply to those retiring later. Consistent with this bargaining history, Briggs & Stratton's manager for Insurance Benefits told many Class Members during a 2005-2006 ratification meeting that if they retired before the effective date, the old coverage would be "guaranteed."

**ANSWER:**    The allegations in the first two sentences of Paragraph 4 contain conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations in the first two sentences of Paragraph 4.  With respect to the third sentence, Defendants admit that all purported class members retired prior to August 1, 2006.  Defendants are without knowledge regarding why such individuals retired, and therefore deny the remaining allegations in the third sentence of Paragraph 4.  Defendants deny the allegations in the final sentence of Paragraph 4 of the Complaint.

5.    Despite these provisions of the 2006 CBA and the bargaining history, Briggs & Stratton has announced that it is now eliminating or reducing Class members' benefits, even though the requisite ten-year periods have not expired and Class Members have not yet attained age 65.

**ANSWER:**    Defendants admit that prior to the filing of the Complaint in this matter, the Company announced changes to the benefits provided to plaintiffs and other purported class members.  Defendants deny that the Company announced it was "eliminating" benefits, and deny the remaining allegations contained in Paragraph 5 of the Complaint.

6.    Plaintiffs bring Count I under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, and Class Representatives Michael Merrill, Gregory Weber, and Jeffrey Carpenter bring Count II under Section 502(a)(1)(B) and (a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B) and (a)(3).

**ANSWER:**    Defendants admit that plaintiffs bring this claim under the LMRA and ERISA, but deny that plaintiffs' claims have any merit.

7.    As to both Counts, Plaintiffs seek (1) a declaration that Class Members' retiree insurance benefits provided pursuant to the provisions of the 2006 CBA cannot be unilaterally

3

terminated or reduced by Defendants, (2) a permanent injunction prohibiting termination or reduction of Class Members' retiree insurance benefits, and (3) appropriate relief to remedy the harm caused by elimination or reduction of Class Members' retiree insurance benefits.

**ANSWER:**     Defendants admit that plaintiffs seek the relief listed in Paragraph 7 of the

Complaint, but deny that plaintiffs are entitled to declaratory or any other form of relief.

Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

## II. JURISDICTION AND VENUE

8.      As both Counts raise federal questions, this Court has jurisdiction over them under 29 U.S.C. § 1331. This Court also has jurisdiction over Count I under Section 301 of the LMRA, 29 U.S.C. § 185, and over Count II under Section 502(e)(1) and (f) of ERISA, 29 U.S.C. § 1132 (e)(1) and (f). Venue in this judicial district is proper under Section 301 of LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

**ANSWER:**     The allegations in Paragraph 8 contain conclusions of law to which no response is

required.  To the extent that a response is required, Defendants admit that the Court has

jurisdiction over plaintiffs' claims, and that venue is proper in this judicial district.

## III. PARTIES

9.      Defendant Briggs & Stratton is Wisconsin corporation with headquarters at 12301 West Wirth Street, Wauwatosa, Wisconsin 53222. Briggs & Stratton is an employer engaged in commerce. On information and belief, Briggs & Stratton is the "plan sponsor" and "administrator" within the meaning of Section 3(16)(A)-(B) of ERISA, 29 U.S.C. § 1002(16)(A)-(B), of the employee welfare benefit plan identified in ¶ 10 below, which provides the retiree insurance benefits here at issue.

**ANSWER:**     Admitted.

10.      Defendant Insurance Plan is an "employee welfare benefit plan" within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1). Defendant Insurance Plan's sponsor is Defendant Briggs & Stratton. The Insurance Plan is sued as a party that may be needed for just adjudication under FRCP Rule 19, and also as a party responsible for providing benefits under ERISA Section 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B).

**ANSWER:**     Defendants admit that the Insurance Plan is an employee welfare benefit plan

within the meaning of ERISA, and that the Plan's sponsor is Briggs & Stratton.  The remainder

of the allegations in Paragraph 10 are conclusions of law to which no response is required.  To

4

the extent a response is required, Defendants deny the remaining allegations in Paragraph 10 of

the Complaint.

11.     Defendants John Does 1 through 20, inclusive, are natural persons and/or corporate entities sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When said true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities. Plaintiffs are informed and believe and thereupon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that injury to the Class Members alleged is or will be proximately caused by such Defendants.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 11 of the Complaint.

12.     Plaintiffs are informed and believe and thereupon allege that, at all relevant times, each of the Defendants was the agent, co-venturer, partner, or in some manner agent or principal, or both, of the other Defendants, and in doing the things alleged was acting within the course and scope of such agency.

**ANSWER:**     Defendants deny the allegations contained in Paragraph 12 of the Complaint.

13.     Plaintiff USW is a labor organization headquartered in Pittsburgh, Pennsylvania. Plaintiff USW was known for decades as the United Steelworkers of America, AFL-CIO/CLC, before it changed its name in 2005 to United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC. The name change occurred as a result of a 2005 merger with the Paper, Allied-Industrial, Chemical and Energy Workers International Union, AFL-CIO/CLC ("PACE"). For several decades, the USW or PACE or its predecessor unions have negotiated CBAs with Briggs & Stratton relating to, inter alia, retiree insurance for hourly employees working at various facilities in Wisconsin.

**ANSWER:**     Admitted.

14.     Plaintiff and Class Representative Michael Merrill is an adult resident of New Berlin, Wisconsin. Until he retired in July, 2006, Mr. Merrill worked for Briggs & Stratton at its Wauwatosa, Wisconsin facility, where he was a member of a bargaining unit represented until 2005 by PACE or its predecessor unions, and subsequently by the USW. Under the terms of collectively bargained agreements, Mr. Merrill is entitled to retiree insurance benefits.

**ANSWER:**     Defendants admit that Mr. Merrill is an adult resident of New Berlin, Wisconsin,

and that until his retirement in July 2006, Mr. Merrill worked for Briggs & Stratton at its

Wauwatosa, Wisconsin facility, where he was a member of a bargaining unit represented by the

USW or its predecessors.  Defendants further admit that during the term of the 2006 CBA, Mr.

5

Merrill was entitled to retiree insurance benefits described in the 2006 CBA. Defendants deny

the remaining allegations contained in Paragraph 14 of the Complaint.

15.     Plaintiff and Class Representative Gregory Weber is an adult resident of Cedarburg, Wisconsin. Until he retired in June, 2006, Mr. Weber worked for Briggs & Stratton at a number of its Wisconsin facilities, where he was a member of a bargaining unit represented until 2005 by PACE or its predecessor unions, and subsequently by the USW. Under the terms of collectively bargained agreements, Mr. Weber is entitled to retiree insurance benefits.

**ANSWER:**     Defendants admit that Mr. Weber is an adult resident of Cedarburg, Wisconsin,

and that until his retirement in June 2006, Mr. Weber worked for Briggs & Stratton in

Wisconsin, where he was a member of a bargaining unit represented by the USW or its

predecessors. Defendants further admit that during the term of the 2006 CBA, Mr. Weber was

entitled to retiree insurance benefits described in the 2006 CBA. Defendants deny the remaining

allegations contained in Paragraph 15 of the Complaint.

16.     Plaintiff and Class Representative Jeffery Carpenter is an adult resident of Menomonee Falls, Wisconsin. Until he retired in 1998, Mr. Carpenter worked for Briggs & Stratton at its Wauwatosa, Wisconsin facility, where he was a member of a bargaining unit represented until 2005 by PACE or its predecessor unions, and subsequently by the USW. Under the terms of collectively bargained agreements, Mr. Carpenter is entitled to retiree insurance benefits.

**ANSWER:**     Defendants admit that Mr. Carpenter is an adult resident of Menomonee Falls,

Wisconsin, and that until his retirement in 1998, Mr. Carpenter worked for Briggs & Stratton at

its Wauwatosa, Wisconsin facility, where he was a member of a bargaining unit represented by

the USW or its predecessors. Defendants further admit that during the term of the 2006 CBA,

Mr. Carpenter was entitled to retiree insurance benefits described in the 2006 CBA. Defendants

deny the remaining allegations contained in Paragraph 16 of the Complaint.

## IV.  STATEMENT OF FACTS

17.     For many years and through the present, Briggs & Stratton has operated various manufacturing facilities in Wisconsin, and has been party to CBAs with a union representing employees at those facilities. Over time, the union has changed its name and expanded through

mergers: From 2005 to the present, the union has been the USW; before 2005, it was PACE or its predecessor unions.

**ANSWER:**    Admitted.

18.    By 1983, the bargaining parties had agreed in CBAs that Briggs & Stratton would provide insurance to active employees, and also a program of insurance benefits to retirees.

**ANSWER:**    Defendants admit that the 1983 CBA between the Company and the predecessor to the USW provided for insurance to active employees, and also a program of insurance benefits for retirees.  Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

19.    During a 1983 strike, Briggs & Stratton continued company-paid retiree insurance coverage, while it terminated company-paid insurance for active employees during the strike.

**ANSWER:**    Defendants admit that during a union strike in 1983 by active employees, the Company maintained Company-paid retiree insurance coverage.  Defendants further admit that during the 1983 strike by active employees, the Company did not pay insurance premiums for active employees.  Defendants deny the remaining allegations contained in Paragraph 19 of the Complaint.

20.    The 1983-1986 CBA contained a separate "INSURANCE FOR RETIREES" section entitling retirees to company-paid coverage until age 65:

> INSURANCE FOR RETIREES
> For employees who retire after 30 years of service, Company paid medical and dental benefits **will continue until age 65**.
>
> Employees with more than 10 but less than 30 years of service, who retire by reason of permanent and total disability, are eligible for Company paid medical benefits until age 65.

Exhibit 2- 1983 CBA Excerpt, pp. 129-130) (emphasis added).

**ANSWER:**    Defendants admit that plaintiffs selectively cite to a provision in the 1983 CBA. The CBA referenced in Paragraph 20 is a document which speaks for itself and which is the best

7

evidence of its contents. Defendants deny the remaining allegations in Paragraph 20 of the

Complaint.

21.     These provisions remained essentially the same through 1991. In the 1991 CBA, the parties kept disability pensioners' benefits basically the same, but altered future 30-year pensioners' benefits such that employees retiring after January 1, 1992 would receive the comprehensive "fully-paid" benefits for a 10-year period, and then more limited benefits beyond the 10-year period until retirees reached age 65:

> For employees who retire after 30 years of service, Company paid medical, dental and vision benefits will continue until age 65. For employees so retiring after 1¬1-92, the premium cost for the coverage will be fully-paid by the Company for up to 10 years, but not beyond age 65. For any balance of time between the 10 year maximum and age 65, Company contributions will be limited to the extent as provided for non-retirees in [the active-employee insurance sections of the CBA].

Exhibit 3- 1991 CBA Excerpt, pp.144-145, section 8(a). These provisions remained essentially the same through the 2002 CBA, which expired in 2006.

**ANSWER:**     Defendants admit that plaintiffs selectively cite to a portion of the 1991 CBA.

The CBAs referenced in Paragraph 21 are documents which speaks for themselves and which are

the best evidence of their contents. Defendants deny the remaining allegations in Paragraph 21

of the Complaint.

22.     In the 2005 negotiations leading to the 2006 CBA, the bargaining parties made a new distinction between 30-year pensioners hired **before** January 1, 1980 and those hired **after** January 1, 1980: (1) Upon retiring in the future, those hired **before 1980** were to continue to be entitled to the same comprehensive "fully-paid" benefits for no more than a 10-year period (and then limited benefits beyond their 10-year period but before age 65); (2) Upon retiring in the future, those hired **after 1979** would only be eligible for five years of less comprehensive coverage.

**ANSWER:**     The allegations in Paragraph 22 of the Complaint stem from documents which

speaks for themselves and which are the best evidence of their contents. To the extent a response

is required, Defendants deny the allegations of Paragraph 22.

23.     At the same time, the bargaining parties added a provision, subsection (e), providing that those retiring **ON OR AFTER August 1, 2006** would receive only what active employees received, and any future changes made to the active plan would apply to them. The full Section 8 of the 2006-10 CBA states:

INSURANCES FOR RETIREES

(a)  Employees with a seniority date of 12-31-79 or prior, who retire after 30 years of service, **shall be eligible for full Company paid premiums for medical, dental and vision benefits for up to ten (10) years, but not beyond age 65. For any balance of time between the 10 year maximum and age 65, Company contributions will be limited to the extent as provided for active employees**.

(b)  Employees with a seniority date of 1-1-80 or later, who retire after 30 years of service, shall be eligible for medical coverage only under the lowest cost medical option for up to 5 years, but not beyond age 65, provided they pay the same contribution as active employees. Such employees may enroll at the start of any month during the period for which they are eligible for this Company-subsidized coverage, provided application for coverage is received at least 2 weeks in advance of its effective date. Eligible dependents may be added in the same manner, provided the addition is the result of a life-changing event as defined by HIPAA legislation (examples: marriage, adoption, loss of coverage through another employer).
Employees so retiring will also be eligible for full Company paid premiums for dental and vision benefits for up to 5 years but not beyond age 65.

(c)  Employees with more than 10 but less than 30 years of service, **who retire by reason of permanent and total disability, are eligible for Company paid medical benefits until age 65**.

(e)  For employees **who retire on or after 8-1-06, coverages offered in (a), (b), and (c) above shall be the same coverage(s) offered active employees and are subject to change if different insurance plans are negotiated for active employees**.

Exhibit 1-2006 CBA Excerpt, p.83, section 8 (Emphasis added).

**ANSWER:**    Defendants admit that plaintiffs selectively cite to a portion of the 2006 CBA.

The 2006 CBA is a document which speaks for itself and which is the best evidence of its

contents.  Defendants deny plaintiffs' characterization of the cited portion of the 2006 CBA, and

deny the remaining allegations in Paragraph 23 of the Complaint.

24.    By bargaining for and agreeing to subsection (e), the parties left all pre-August 1, 2006 retirees with their comprehensive benefits, which could not be changed.

**ANSWER:**    Defendants deny the allegations in Paragraph 24 of the Complaint.

25.    The bargaining history is fully consistent with the plain language of subsection (e). Bargaining opened early in 2005. An early company proposal would have reduced the retiree insurance benefit to four years, would have allowed Briggs & Stratton to change the retirees' "level of medical coverage and cost contribution ... in the future to match the level of medical

9

coverage and contribution of whatever plan(s) may then be in effect for active employees," and would have placed retirees in a separate pool for determining rates. The Union rejected the proposal.

**ANSWER:**    Defendants deny the allegations in Paragraph 25 of the Complaint.

26.    Briggs & Stratton made an alternative proposal on September 5, 2005, which included the new demarcation between retirees hired before and after January 1, 1980 (which the USW eventually accepted). Briggs and Stratton also proposed a provision stating that "Retiree coverages...shall be the same coverage(s) offered active employees." The USW rejected this proposal, taking the position that those who retired before the new contract went into effect in August 2006 could not be subject to this proposed change. The USW insisted that this point be set forth in the new section (e). Briggs & Stratton agreed, and the final section 8(e) accordingly applies only to "employees who retire on or after 8-1-06," and — as quoted in paragraph 23 above -- states that their "coverages ... shall be the same coverage(s) offered active employees and are subject to change if different insurance plans are negotiated for active employees."

**ANSWER:**    Defendants admit that the Company made bargaining proposals in September

2005 regarding retiree medical benefits, and that plaintiffs selectively reference a portion of the

2006 CBA.  The referenced proposal and the referenced 2006 CBA are documents which speak

for themselves and which are the best evidence of their contents.  Defendants deny the remaining

allegations contained in Paragraph 26 of the Complaint.

27.    Many Class Members retired before August 1, 2006, after the terms of the new CBA were worked out but before they took effect. Class Members elected to retire before August 1, 2006 even though they thereby forfeited a $4,000 increase in a lump sum pension benefit, which they were eligible for in exchange for providing four months advance notice of their retirement. (In 2005 negotiations, the lump sum provided for this advance notice had been increased from $21,000 to $25,000, so those retiring before August 1, 2006 missed out on the increase.) Class Members retiring before August 2006 understood that, by retiring before this date, they were retaining their superior health benefit plan, and would not be subject to the plan offered to active employees in the new CBA, or to subsequent changes in the plan for active employees.

**ANSWER:**    Defendants admit that some purported class members retired between the time in

which the parties agreed to the 2006 CBA and August 1, 2006, when it took effect.  Defendants

further admit that the lump sum pension benefit increased from $21,000 to $25,000 in the 2006

CBA.  Defendants are without knowledge as to what these individuals "understood" or why

these individuals elected to retire when they did. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. The evidence shows that Briggs & Stratton representatives had the same understanding as the USW and Class Members.

**ANSWER:** Defendants deny the allegations in Paragraph 28 of the Complaint.

29. First, according to the Union's Recording Secretary's notes, USW representative Ernie Dex stated during the September 2005 bargaining: "If people go before Aug 1, 2006, we don't want to let you change those proposals or insurance plans." Scott Langelin, the Company's in-house Legal Services & Administrator, responded: "This only effects [sic] people that go out after 8-1-06."

**ANSWER:** The allegations in Paragraph 29 stem from a document which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants are without knowledge as to the contents of the referenced notes. Answering further, Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30. Second, also according to the Union's Recording Secretary's notes, the Company's Manager for Insurance Benefits, Barbara Ehlers, explained as follows to the USW membership during a ratification meeting on October 6, 2005: "As long as you retire before 8-1¬06 you will have the old plan designs. Our vendors will change. We guarantee same."

**ANSWER:** The allegations in Paragraph 30 stem from a document which speaks for itself and is the best evidence of its contents. To the extent a response is required, Defendants are without knowledge as to the contents of the referenced notes. Answering further, Defendants deny the remaining allegations in Paragraph 30 of the Complaint.

31. Third, the mass retirements in advance of August 1, 2006 were reported in the press, including in a July 14, 2006 issue of the Business Journal, which reported that Jeff Mahloch (Vice President Of Human Resources at Briggs & Stratton) had stated that health care costs played a significant role for many employees who opted for early retirement: "It made sense for a lot of these people to look at retirement when they realized that their health care costs would change," Mahloch said.

**ANSWER:**   The allegations in Paragraph 31 stem from a document which speaks for itself and is the best evidence of its contents.

32.     Briggs & Stratton has now announced drastic reductions in the retiree insurance coverage of Class Members, all of whom retired before August 1, 2006, violating the 2006 CBA.

**ANSWER:**   Defendants deny the allegations in Paragraph 32 of the Complaint.

33.     During May 2010, in advance of the expiration of the 2006-2010 CBA and in anticipation of negotiations for a new CBA, Company Human Resources Director Kenneth Dellemann sent a letter to USW representative Ernie Dex, stating:

> [A]s of the July 31, 2010 expiration date, the contract provisions addressing benefits for already retired employees, which are permissive, **will terminate**. The Company will, of course, fulfill its duty to negotiate over all mandatory subjects of bargaining, which include the future retiree health insurance benefits for employees who are currently members of the bargaining unit.

Exhibit 4, (emphasis added).

**ANSWER:**   Admitted.

34.     At the same time, Briggs & Stratton sent a notice to all pensioners who had retired with 30-year pensions or disability pensions, stating that one set of changes would be made on August 1, 2010, and then another set on January 1, 2011. The changes are as follows:

> **August 1, 2010**: (1) Existing medical plan options other then the Standard PPO and High Deductible Plan ("HDP") — such as the comprehensive Humana and Aetna options-- are closed to new entrants; (2) The Company now limits what it pays for retiree healthcare to certain capped amounts (and some of the Humana and Aetna options cost more than these capped amounts), so Class Members in those options will pay a premium through the end of 2010 if they want to stay with these comprehensive plan options.

> **January 1, 2010**: Retirees will be eligible for only the same medical plan options offered to salaried active employees -- currently only the Standard PPO or HDP options (which require either substantial premiums from participants or very high deductibles, and which are clearly inferior to the Humana and Aetna options being eliminated).

Exhibit 5, pages 1, 2. Essentially the same changes were made as to pensioners who had retired with disability pensions. Exhibit 5, pages 3, 4.

**ANSWER:**   Defendants admit that in May 2010, it sent a notice to retirees informing them of upcoming changes to their retiree medical benefits.  Defendants further admit that in its May

2010 letter, it notified retirees that some then existing plan options would be closed to new

entrants and that the Company would limit payments for retiree healthcare. Defendants deny the

remaining allegations contained in Paragraph 34 of the Complaint.

35.     Defendants are jointly and severally liable for the obligations arising under the collectively bargained agreements, which require that Class Members be provided with the bargained-for retiree insurance coverage.

**ANSWER:**     The allegations in Paragraph 35 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 35 of the Complaint.

36.     By unilaterally eliminating retiree medical plan options and reducing retiree medical benefit coverage, Defendants breached their obligations to Plaintiffs and to all Class Members.

**ANSWER:**     The allegations in Paragraph 36 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 36 of the Complaint.

37.     Any and all conditions precedent to the maintenance of this action have occurred or were performed or satisfied before Plaintiffs commenced it.

**ANSWER:**     The allegations in Paragraph 37 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 37 of the Complaint.

## V.  <u>CLASS ACTION ALLEGATIONS</u>

38.     Class Representatives bring this class action on behalf of themselves and a class of persons ("Class Members") consisting of former employees of Briggs & Stratton (and their spouses and beneficiaries) who were represented by the USW and who retired from Briggs & Stratton facilities in Wisconsin before August 1, 2006 with (a) 30 years of service after having been hired before 1980, or (b) disability pensions with more than 10 but less than 30 years of service.

**ANSWER:** Defendants admit that the three individual plaintiffs purport to bring this case on behalf of themselves and others. Defendants further admit that the three individual plaintiffs are former Briggs & Stratton employees who retired prior to August 1, 2006, who were represented by the USW or its predecessors, and who retired from Briggs & Stratton facilities in Wisconsin with 30 years of service after having been hired before 1980, or with disability pensions with more than 10 but less than 30 years of service. Defendants deny the remaining allegations contained in Paragraph 38 of the Complaint.

39. While the exact number of Class Members is not presently known, on information and belief, it exceeds one thousand (1,000). As such, it is so numerous that joinder of individual members in this action is impracticable.

**ANSWER:** The allegations in Paragraph 39 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit that there are more than 1,000 individuals who retired prior to August 1, 2006, who were represented by the USW or its predecessors, and who retired from Briggs & Stratton facilities in Wisconsin with 30 years of service after having been hired before 1980, or with disability pensions with more than 10 but less than 30 years of service. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint.

40. Class Members all seek retiree insurance coverage from the same or similar collectively bargained employee benefit plans.

**ANSWER:** Defendants admit that the individual plaintiffs seek retiree insurance coverage from the same or similar collective bargained employee benefit plans. Defendants deny the remaining allegations contained in Paragraph 40 of the Complaint.

41. There are common questions of law and fact that relate to and affect Class Members — for example, whether Briggs & Stratton may unilaterally alter retiree insurance benefits in the amounts bargained for and agreed upon, as set forth in more detail below in Counts I and II of this Complaint.

**ANSWER:** The allegations in Paragraph 41 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the dispositive issue in this case is whether the Company had the right to unilaterally alter retiree insurance benefits at the expiration of the 2006 CBA. Defendants deny the remaining allegations contained in Paragraph 41 of the Complaint.

42. The relief sought is common to all Class Members as set forth below in the section titled, "Relief Requested."

**ANSWER:** Defendants admit that the individual plaintiffs purport to seek relief on behalf of a purported class of individuals. Defendants deny the remaining allegations contained in Paragraph 42 of the Complaint.

43. Class Representatives' claims are typical of the claims of all Class Members. Notably, Defendants are obligated under LMRA § 301 and ERISA to provide Class Representatives and Class Members with retiree insurance benefits, as provided under collectively bargained agreements between Briggs & Stratton and the USW (or predecessor unions), and Defendants cannot unilaterally terminate or reduce these benefits as to Class Representatives or Class Members. There is no conflict between the Class Representatives and any other Class Member with respect to this action.

**ANSWER:** The allegations in Paragraph 43 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Class Representatives will fairly and adequately protect the interests of the Class. Attorneys for the Class Representatives are experienced and capable in the field of labor law and ERISA and have successfully litigated numerous LMRA and ERISA class actions involving retiree benefits.

**ANSWER:** The allegations in Paragraph 44 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit that attorneys for the purported Class Representatives are experienced and capable in the field of labor law and ERISA. Defendants deny the remaining allegations contained in Paragraph 44 of the Complaint.

45. This action is properly maintained as a class action under FRCP Rule 23(b)(2), in that Defendants have acted on grounds generally applicable to the class by unilaterally changing retiree insurance benefits they are obligated to provide to Class Members, thereby making final injunctive relief or corresponding declaratory relief appropriate with respect to the class as a whole.

**ANSWER:** The allegations in Paragraph 45 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 45 of the Complaint.

46. Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(3), as the common questions of law and fact described above predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**ANSWER:** The allegations in Paragraph 46 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 46 of the Complaint.

47. Alternatively, this action is maintainable as a class action under FRCP Rule 23(b)(1)(A), as requiring Class Members to prosecute separate suits challenging the same actions and inactions of the Defendant Insurance Plan would create a significant risk of inconsistent or varying adjudications, imposing incompatible standards of conduct on the Defendant Insurance Plan.

**ANSWER:** The allegations in Paragraph 47 contain conclusions of law to which no response

is required. To the extent a response is required, Defendants deny the allegations contained in

Paragraph 47 of the Complaint.


## VI. CLAIMS FOR RELIEF

### COUNT I

**Violation of Labor Contracts, Actionable under LMRA § 301**
**(Against Defendant Briggs & Stratton by Individual Plaintiffs and USW)**

48. Plaintiffs incorporate by reference all preceding allegations as though fully set forth here.

**ANSWER:** Defendants incorporate by reference all preceding responses as though fully set forth here.

49. The CBAs described above providing for retiree insurance benefits are "contract[s] between an employer and a labor organization" within the meaning of LMRA § 301, 29 U.S.C. § 185. As detailed above, the CBAs conferred upon all Class Members a right to certain retiree insurance coverage for ten years, or until age 65. By unilaterally reducing and terminating this coverage, Briggs & Stratton breached these contracts.

**ANSWER:** The allegations in Paragraph 49 contain conclusions of law to which no response is required. To the extent a response is required, Defendants admit that the referenced CBAs are "contract[s] between an employer and a labor organization" within the meaning of Section 301 of the LMRA. Defendants deny the remaining allegations contained in Paragraph 49 of the Complaint.

50. Briggs & Stratton's breach of its collectively bargained obligations is actionable under LMRA § 301, 29 U.S.C. § 185.

**ANSWER:** Defendants deny the allegations in Paragraph 50 of the Complaint.

## COUNT II

### Violation of Employee Benefit Plan, Actionable under ERISA § 502(a)
### (Against all Defendants by Individual Plaintiffs only)

51. Plaintiffs Michael Merrill, Gregory Weber and Jeffrey Carpenter incorporate by reference all preceding allegations as though fully set forth here.

**ANSWER:** Defendants incorporate by reference all preceding responses as though fully set forth here.

52. Defendants are obligated to provide insurance benefits pursuant to the terms of governing plan documents of the Defendant Insurance Plan, which is an ERISA plan. The CBAs described above providing for retiree insurance benefits are governing plan documents of the Defendant Insurance Plan. As detailed above, the CBAs conferred upon all Class Members rights to certain retiree insurance coverage for ten years, or until age 65. Defendants violated the terms of these CBAs by unilaterally terminating or reducing this coverage.

17

**ANSWER:** The allegations in Paragraph 52 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 52 of the Complaint.

53.     Defendants' repudiation of the terms of an employee welfare benefit plan is actionable under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3). These provisions allow a participant or beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan." Additionally, a participant suing under these provisions is entitled to interest on any retroactive amounts awarded.

**ANSWER:** The allegations in Paragraph 53 contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 53 of the Complaint.

## VII.  RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that this Court:

A.      Certify this action as a class action, appoint Plaintiffs Michael Merrill, Gregory Weber, and Jeffrey Carpenter as Class Representatives, and appoint Previant, Goldberg, Uelmen, Gratz, Miller & Brueggeman, S.C., and Stember Feinstein Doyle Payne & Cordes, LLC, and as counsel for the Class.

B.      Declare that the retiree insurance coverage provided by the CBAs and plan documents of the Insurance Plan cannot be unilaterally terminated or reduced by Defendants.

C.      Permanently enjoin Defendants from terminating or reducing retiree insurance coverage provided to the Class under the CBAs and plan documents of the Insurance Plan.

18

D.      Award to Class Representatives and Class Members retiree insurance benefits, pursuant to the terms of the CBAs and plan documents of the Insurance Plan, and/or monetary damages or restitution (plus interest), as necessary, to restore them to the position in which they would have been but for Defendants' contractual and statutory violations.

E.      Award Plaintiffs their reasonable attorneys' fees and costs incurred in this action.

F.      Grant such further relief as may be deemed necessary and proper.

**ANSWER:**    Defendant deny that plaintiffs are entitled to any relief.

## VIII.  JURY DEMAND

Plaintiffs request a jury trial of all issues so triable.

**ANSWER:**    Defendant deny that plaintiffs are entitled to a jury trial.

## ADDITIONAL AND AFFIRMATIVE DEFENSES

**FIRST DEFENSE:**

Plaintiffs' claims are barred by the doctrine of accord and satisfaction because Defendants have provided all benefits due to Plaintiffs under the applicable collective bargaining agreements.

**SECOND DEFENSE:**

Plaintiffs' claims are barred because they fail to state a claim upon which relief can be granted. Defendants reserved the right to make changes in their retiree insurance coverage following the term of each collective bargaining agreement, both under the clear language of the collective bargaining agreement and under the Plan and Summary Plan Description language describing health insurance benefits.

**THIRD DEFENSE:**

Plaintiffs' claims are barred, in whole or in part, to the extent they have failed to exhaust their administrative remedies under ERISA or the applicable collective bargaining agreements.

**FOURTH DEFENSE:**

To the extent the Complaint can be construed to assert any claims under any state laws, such claims are preempted by ERISA.

**FIFTH DEFENSE OR AFFIRMATIVE DEFENSE:**

Defendants have not knowingly or intentionally waived any applicable defenses or affirmative defenses and explicitly reserve the right to assert and rely on such other defenses as additional information becomes available during discovery proceedings or otherwise. Defendants further reserve the right to amend their Answer and/or defenses accordingly, and/or

to delete defenses that it determines are not applicable as additional information becomes

available during discovery proceedings or otherwise.

Dated: September 26, 2011

Respectfully submitted,

BRIGGS & STRATTON CORPORATION;
GROUP INSURANCE PLAN OF BRIGGS &
STRATTON CORPORATION, and DOES 1
THROUGH 20


By: _____/s/ Charles C. Jackson_____
　　　　One of Its Attorneys

Gregory C. Braden
Charles C. Jackson
Ross H. Friedman
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, Illinois 60601
312.324.1000
312.324.1001 (facsimile)

David B. Kern
QUARLES & BRADY LLP
411 E. Wisconsin Ave., Suite 2040
Milwaukee, WI 53202-4497
414.277.5653
414.978.8653 (facsimile)

Attorneys for Defendants
BRIGGS & STRATTON CORPORATION;
GROUP INSURANCE PLAN OF BRIGGS
& STRATTON CORPORATION, and
DOES 1 THROUGH 20

**CERTIFICATE OF SERVICE**

I, Ross H. Friedman, one of the attorneys for Defendants certify that I caused a copy of

the attached Defendants' Answer & Affirmative Defenses, to be served upon:

**Jill M Hartley**
Previant Goldberg Uelmen Gratz Miller & Brueggeman SC
1555 N River Center Dr - Ste 202
PO Box 12993
Milwaukee, WI 53212
414-271-4500
Fax: 414-271-6308
Email: jh@previant.com

**John Stember**
Stember Feinstein Doyle and Payne LLC
429 Forbes Ave - Ste 1705
Pittsburgh, PA 15219
412-281-8400
Fax: 412-281-1007
Email: jstember@stemberfeinstein.com

this 26th day of September, 2011 through the Court's electronic filing system, and via U.S. Mail.

/s/ Ross H. Friedman
Ross H. Friedman

DB1/ 68179994.2