# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MICHAEL MERRILL, GREGORY
WEBER, JEFFREY CARPENTER,
and UNITED STEEL, PAPER AND
FORESTRY, RUBBER, MANUFACTURING,
ENERGY, ALLIED INDUSTRIAL AND
SERVICE WORKERS INTERNATIONAL
UNION, AFL-CIO/CLC,
        Plaintiffs,

    v.                        Case No. 10-CV-00700

BRIGGS & STRATTON CORPORATION,
GROUP INSURANCE PLAN OF BRIGGS
& STRATTON CORPORATION, and DOES 1
THROUGH 20,
        Defendant.

## DECISION AND ORDER

Plaintiffs Michael Merrill, Gregory Weber and Jeffrey Carpenter, former employees of defendant Briggs & Stratton Corporation ("Briggs"), and plaintiffs' union, brought this putative class action under § 301 of the Labor Management Relations Act and § 502(a) of the Employee Retirement Income Security Act. The complaint alleges that Briggs violated the parties' collective bargaining agreement ("CBA") by reducing the health benefits of certain employees who retired before August 1, 2006. Plaintiffs also named Briggs's Group Insurance Plan as a defendant. I originally dismissed the complaint pursuant to defendants' Fed. R. Civ. P. 12(b)(6) motion, but I granted plaintiffs' motion for reconsideration and re-opened the case in an order dated August 24, 2011. Before me now is defendants' motion

to certify for interlocutory appeal my order re-opening the case. The facts of this case can be found in the August 24, 2011 order.

28 U.S.C. § 1292(b) allows a district judge to certify for immediate appeal an order that would not otherwise be appealable until the end of the case. To certify an order for interlocutory appeal, the order must raise "a controlling question of law as to which there is a substantial ground for difference of opinion" such that an immediate appeal from the order would "materially advance the litigation." 28 U.S.C. § 1292(b). The Seventh Circuit has cautioned that § 1292(b) must be used sparingly "lest interlocutory review increase the time and expense required for litigation." Asher v. Baxter Int'l., Inc., 505 F.3d 736, 741 (7th Cir. 2007). The phrase "question of law" refers to a "pure" question of law, "an abstract legal issue" that the court of appeals can decide "quickly and cleanly without having to study the record." Ahrenholz v. Bd. of Trustees of the Univ. of Ill., 219 F.3d 674, 676–77 (7th Cir. 2000). Certification is not appropriate where the question involves only the routine application of well-settled legal standards to uncontested facts. See In re Text Messaging Antitrust Litigation, 630 F.3d 622, 626 (7th Cir. 2011). For example, the interpretation of a contract, though technically a question of law, is not normally the kind of question referred to in § 1292(b). Ahrenholz, 219 F.3d at 676.

In ruling on defendants' motion to dismiss, I interpreted the 2006–2010 CBA between the parties. The key question was whether the CBA granted individuals who retired before August 1, 2006 health benefits that extend beyond the termination of the CBA in 2010—whether the health benefits are "vested." Both parties agree that Rossetto v. Pabst Brewing Co., 217 F.3d 539 (7th Cir. 2000), sets out the test for determining whether health benefits vested under a CBA, and the test is simple. If the CBA, when read

2

as a whole, is patently ambiguous as to whether health benefits are vested, plaintiffs are entitled to a trial. Id. at 547. I denied defendants' motion to dismiss because the language of the 2006–2010 CBA is patently ambiguous. Section 8 of the CBA suggests that plaintiffs, who are retirees, are entitled to certain vested health benefits, and this suggestion is not clearly negated by defendants' reservation of rights in section 6. Section 6 does not refer to retirees. Since this case involves the application of a well-settled legal principle to the wording of a particular contract, I do not believe it involves "an abstract legal issue" appropriate for certification under § 1292(b).

I also do not believe that there is a "substantial ground for difference of opinion" in this case. To satisfy this requirement, it is not enough that there be a difference of opinion, there must be a substantial ground for such difference. The mere fact that my August 24, 2011 order reversed my own earlier ruling does not mean that certification is appropriate. I granted plaintiffs' motion for reconsideration because I found that I had misapplied the Rossetto test. See Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (noting that a district judge is free to correct his own "manifest error of law or fact"). This case did not present a question of first impression, and my decision was not contrary to established Seventh Circuit precedent. The CBA at issue here uses different language than the CBAs that the Seventh Circuit found to be unambiguous in other cases. See Cherry v. Auburn Gear, Inc., 441 F.3d 476 (7th Cir. 2006); Barnett v. Ameren Corp., 436 F.3d 830 (7th Cir. 2006); Murphy v. Keystone Steel & Wire Co., 61 F.3d 560, 566 (7th Cir. 1995).

I will also deny plaintiffs' motion to file a surreply. Defendants did not raise any new arguments in their reply brief that needed to be addressed in an additional pleading.

3

**THEREFORE, IT IS ORDERED** that defendants' motion to amend/correct the court's August 24, 2011 order and motion to stay further action pending appeal [DOCKET #31] are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to file a surreply brief [DOCKET #35] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 29th day of February, 2012.

s/_____
LYNN ADELMAN
District Judge