# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL MERRILL, et al.,**
        **Plaintiffs,**

    v.                                      Case No. 10-CV-00700

**BRIGGS & STRATTON CORPORATION, et al.,**
        **Defendants.**

## DECISION AND ORDER

Plaintiffs Michael Merrill, Gregory Weber and Jeffrey Carpenter, former employees of defendant Briggs & Stratton Corporation ("Briggs"), and plaintiffs' union, brought this class action under § 301 of the Labor Management Relations Act and § 502(a) of the Employee Retirement Income Security Act. Before me now are two motions to compel.

First, Briggs moves to compel 50 of the 999 unnamed class members to produce: All documents received in paper format from Briggs or its third-party plan administrators from January 1, 1980 to the present that describe any retiree medical plan, retiree medical benefits, or medically related retiree coverage provided to you, including but not limited to enrollment forms, communications to you as a plan participant, summary plan descriptions, insurance policies, insurance contracts, benefit booklets, coverage descriptions, notifications of plan amendments and explanations of benefits, or any other written communication concerning retiree medical benefits.[1]

---

[1] The original request for production was much broader, but defendant agreed to narrow it after plaintiffs objected.

Unnamed/absent class members may be required to submit to discovery under Fed. R. Civ. P. 33 and 34 if "the requested information is actually needed in preparation for trial" and "discovery devices are not used to take unfair advantage of 'absent' class members." *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1006 (7th Cir. 1971). I will deny Briggs's motion to compel because it has not demonstrated that it needs the documents it is seeking to prepare for trial. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324 (7th Cir. 1974) ("The party seeking discovery has the burden of demonstrating its merits.").

Briggs seeks two types of documents: communications sent by Briggs and communications sent by third-party companies that Briggs hired to administer its health plans. The first type of document, communications sent by Briggs itself, might be relevant to this case because the issue is whether the health benefits Briggs provided to the class members after retirement were vested under the parties' collective bargaining agreement ("CBA"). In my order dated August 24, 2011, I concluded that the CBA was ambiguous on this point and permitted the parties to take discovery to develop extrinsic evidence bearing on the issue of the parties' intent when negotiating the CBA. One potentially important piece of evidence is the communications between Briggs and its employees concerning the nature and duration of their health benefits. Briggs should, however, already have these communications in its possession, and it has in fact produced a large number of these documents in response to plaintiffs' discovery requests. Briggs said at the status conference on November 1, 2013 that it is not certain it has copies of all the communications it sent and that it wants to double-check its records. This vague concern that Briggs might be missing some of its own communications with the class members is not sufficient to justify subjecting unnamed class members to discovery.

Briggs has also failed to establish a need for copies of the communications sent by its third-party plan administrators. In its brief, Briggs says it might be missing some of the communications sent by Healthscope because that company has deleted some of its documents pursuant to its document retention policy. It also says it might be missing some documents from Family Health/CompCare because that company is now out of business. Briggs does not, however, make any effort to explain how communications sent by these two companies that were never provided to Briggs could be relevant to prove Briggs's intent when negotiating the CBA with plaintiffs' union. Moreover, the fact that Briggs might be missing documents sent by these two companies is not sufficient to justify the wide-ranging request for production set out above. For example, Briggs could have limited its document request to only the time period during which these companies were actually involved with the administration of its health plans.

The second motion to compel was filed by plaintiffs. They seek to compel defendants to produce for *in camera* review 11 documents withheld under the attorney-client privilege.[2] Plaintiffs claim these documents or portions thereof are subject to the fiduciary-duty exception to the attorney-client privilege.

Under the fiduciary-duty exception, a fiduciary of an ERISA plan 'must make available to the beneficiary, upon request, any communications with an attorney that are

---

[2] Defendants withheld 45 documents as privileged but agreed to produce 19 of them when plaintiffs asked them to review the documents to see if any exceptions to the attorney-client privilege applied. Plaintiffs now ask defendants to produce 11 of the remaining 26 documents. These documents are identified as PRIV 0001, a portion of PRIV 0004, PRIV 0013, PRIV 0019, PRIV 0022, PRIV 0032, PRIV 0037, PRIV 0038, PRIV 0040, PRIV 0042, and PRIV 0043 on Exhibit 1 to the Declaration of Ellen M. Doyle, ECF No. 80-2.

3

intended to assist in the administration of the plan.'" *Bland v. Fiatallis North America, Inc.*, 401 F.3d 779, 787 (7th Cir. 2005) (quoting *In re Long Island Lighting Co.*, 129 F.3d 268, 272 (2d Cir. 1997)). This exception is premised on the theory that an employer acts as a fiduciary when it administers a plan and "the attorney-client privilege should not be used as a shield to prevent disclosure of information relevant to an alleged breach of fiduciary duty." *Id.* However, an employer does not act as a fiduciary when it amends or terminates a plan. *Id.* at 787–88; *see also King v. Nat'l Human Res. Comm., Inc.*, 218 F.3d 719, 723 (7th Cir. 2000) ("[T]he defined functions of [the fiduciary of an ERISA plan] do not include plan design, the amendment of a plan, or the termination of a plan."). And an employer's request for legal advice about whether a retiree health benefits plan is vested is related to its decision to amend or terminate the plan. *Id.* 782, 787–88. In *Bland*, an employer sought legal advice about whether certain retiree health benefits were vested, and the beneficiaries of the plan sought access to the communications between the employer and its counsel under the fiduciary-duty exception. *Id.* at 781, 787. A magistrate judge concluded that the communications were not subject to the exception because they were related to the employer's decision to amend or terminate the plan, and the Seventh Circuit upheld that decision. *Id.* at 782, 787–88. The court held that "an employer acts as a fiduciary only when it undertakes plan management or administration," which "consists of such activities as 'investment of pension funds and communications to employees about plan administration." *Id.* At 787–88.

According to the descriptions on the privilege log, defendants are withholding the documents that plaintiffs seek because they contain legal advice related to Briggs's

4

decision to modify, amend or terminate the class members' health benefits. More specifically, they contain legal advice about whether Briggs had a right to modify or terminate the benefits. Based on the holding in *Bland*, I conclude that these documents are not subject to the fiduciary-duty exception. *See also U.S. v. Mett*, 178 F.3d 1058, 1065 (9th Cir. 1999) (noting that too expansive an interpretation of the fiduciary duty exception will "swallow the entirety of the attorney-client privilege" and "result in ERISA trustees shying away from legal advice regarding the performance of their duties," an outcome which "ultimately hurts beneficiaries"). Therefore, I will also deny plaintiffs' motion to compel.

**THEREFORE, IT IS ORDERED** that defendant Briggs & Stratton Corporation's motion to compel limited discovery on the class members (Docket #76) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiffs' motion to compel production of documents (Docket #80) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 24th day of January, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge