UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL MERRILL, et al.,

        Plaintiffs,

   v.

BRIGGS & STRATTON CORPORATION, et al.,

        Defendants.

Case No. 10-c-0700-LA
Hon. Lynn Adelman
Class Action

---

**PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT, FOR APPROVAL OF FORM AND METHOD OF PROVIDING CLASS NOTICE AND TO SET DATES FOR CLASS SETTLEMENT FAIRNESS HEARING AND RELATED FILINGS**

---

NOW COME Plaintiffs, by their attorneys, The Previant Law Firm, S.C., by Marianne Goldstein Robbins and Nathan D. Eisenberg, and the law firm of Feinstein Doyle Payne & Kravec, LLC, by Ellen Doyle, and move the Court to issue an Order giving preliminary approval of the parties' Class Action Settlement Agreement, approving the form and method for providing notice to the Class members, and setting dates for Class Settlement Fairness Hearing and other related dates. In support thereof, they state as follows:

    1.    This action was commenced August 1, 2010. Plaintiffs filed the Corrected and Supplemental Complaint on May 1, 2014.

    2.    On October 9, 2012, the court granted the unopposed motion for class certification certifying the following two classes:

Class #1: Former employees of Briggs & Stratton who were represented by the United Steelworkers (or its predecessors) and who: (a) were hired by Briggs & Stratton prior to 1980, (b) prior to reaching age 65 retired from a Milwaukee area facility operated by

Briggs & Stratton between August 1, 2000 and August 1, 2006, with at least 30 years of service, (c) had not reached age 65 prior to August 1, 2010, (d) received health insurance benefits under one or more plans sponsored by Briggs & Stratton after retirement (or retained the right to opt in to said plans under plan rules as they existed prior to August 1, 2006), and (e) claim under Section 502(a)(1)(B) of ERISA and Section 301 of the LMRA that, under the terms of the governing collective bargaining agreements and plan documents, they are entitled to be provided unalterable post-retirement medical benefits at the same levels and for the same duration as when they retired.

Class #2: Former employees of Briggs & Stratton who were represented by the United Steelworkers (or its predecessors) and who: (a) prior to reaching age 65 and prior to August 1, 2006 retired from a Milwaukee area facility operated by Briggs & Stratton by reason of permanent and total disability with more than 10 but less than 30 years of service, (b) had not reached age 65 prior to August 1, 2010, (c) received health insurance benefits under one or more plans sponsored by Briggs & Stratton after retirement (or retained the right to opt in to said plans under plan rules as they existed prior to August 1, 2006), and (d) claim under Section 502(a)(1)(B) of ERISA and Section 301 of the LMRA that under the terms of the governing collective bargaining agreements and plan documents, they are entitled to be provided unalterable post-retirement medical benefits at the same levels and for the same duration as when they retired.

(Dkt. # 61)

3. On September 22, 2014, after completion of merits discovery, including review of thousands of pages and after some fifteen depositions of lay witnesses and experts, Plaintiffs and Defendants filed cross motions for summary judgment.

4. On September 2, 2015, the Court denied both motions for summary judgment and concluded plaintiffs were entitled to a trial. (Dkt. # 173)

5. After the Court's decision denying summary judgment to both parties, the parties commenced settlement discussions. On December 15, 2015, the parties mediated the case in a private formal mediation session conducted by independent mediator and ERISA lawyer, Jeffrey Lewis.

6. After a full day of negotiations and subsequent discussions, the parties reached the terms of the Stipulation of Settlement (Settlement Agreement) which was executed on April 8, 2016. The following papers have been submitted simultaneous with the filing of this motion

2

for preliminary approval: 1) the parties' Settlement Agreement (Exhibit 1) together with Exhibits A and B to the Settlement Agreement; 2) Plaintiffs' Proposed Plan of Allocation (Exhibit 2); 3) the proposed Preliminary Approval Order (Exhibit 3); 4) the proposed Class Notice (Exhibit 4); and 5) the proposed Final Approval Order (Exhibit 5).

7. The Settlement Agreement (Exhibit 1) provides:

   a. that defendants pay $3,950,000.00 (Exhibit 1, §6.1) to be allocated in accordance with a Plan of Allocation, which is filed herewith as Exhibit 2.

   b. that Defendants also promise to continue the medical, vision and dental benefits in accordance with the current cost sharing arrangements and subject to the monetary caps announced August 1, 2010. (Exhibit 1, §10)

   c. a release of claims, except for the obligations and commitments in the settlement agreement. (Exhibit 1, § 5)

6. The Settlement Agreement meets the criteria for preliminary approval as set forth in more detail in the Memorandum in Support of Plaintiffs' Motion for Preliminary Approval of Class Settlement Action, which Plaintiffs have filed simultaneous with the filing of this Motion.

7. Plaintiffs' counsel ask the Court to approve the appointment of KCC, LLC, 75 Rowland Way, Suite 250, Novato, CA 94945, kccllc.com, as Settlement Administrator in accordance with the Settlement Agreement.

8. KCC has experience administering more than 6,000 settlements and provides high-quality and cost-effective class action administration services, including settlement funds escrow, class member data management, legal notification, call center support, claims administration, as well as disbursement and tax reporting services. Through KCC's recent

3

acquisition of Gilardi & Co., it is currently administering a matter which is similar in nature and scope to the present action.

9. Plaintiffs also seek approval of the form of providing notice to the Class members of the proposed Settlement Agreement (Exhibit 1), which is to be sent by United States first class mail to all Class members at their last know addresses according to Defendants' records; Plaintiffs' proposed Plan of Allocation (Exhibit 2); the fees and expenses sought by Class Counsel from the Settlement Fund (described in the Class notice, Exhibit 4, in response to Question 10); and the Class members' rights to object to the fairness of the settlement, the proposed Plan of Allocation, the attorneys' fees and expenses sought by Class Counsel, and the adequacy of the representation of the Class. Plaintiffs' further request that the Court schedule a final fairness hearing in accordance with the requirements of Fed. R Civ. P. 23(e)(2), and set other dates related to the fairness hearing in accordance with the following schedule:

| **Mailing of class notice** | **7 calendar days after entry of preliminary approval order** |
|---|---|
| **Settlement amount placed in escrow account** | **14 days after entry of preliminary approval order** |
| **Second mailing of class notice** | **Between 14 and 30 days after preliminary approval order** |
| **Objections to settlement** | **45 days before final fairness hearing** |
| **Response to objections to settlement** | **21 days before final fairness hearing** |
| **Final approval hearing** | **at least 90 calendar days after mailing of class notice** |
| **Payments to Class members** | **As soon as practicable after final approval order becomes final (checks will be valid for 120 days from issue).** |
| **Replacement of returned checks and checks not cashed in 120 days** | **Checks valid for additional 90 days from date of replacement check issued** |

WHEREFORE, Plaintiffs pray that the Court issue an order for preliminary approval of the class action settlement agreement. A proposed preliminary approval order is attached hereto as Exhibit 3.

4

Dated: April 12, 2016                                  Respectfully submitted,


 s/ Marianne Goldstein Robbins                          s/ Ellen M. Doyle
   Marianne Goldstein Robbins                              Ellen M. Doyle

Nathan D. Eisenberg                                    Joel R. Hurt
**THE PREVIANT LAW FIRM, S.C.**                        **FEINSTEIN DOYLE PAYNE**
310 W. Wisconsin Avenue, Suite 110 MW                   **& KRAVEC, LLC**
Milwaukee, WI 53203                                    Allegheny Building, Suite 1705
T.: (414) 223-0433                                     429 Forbes Avenue
F.: (414) 271-6308                                     Pittsburgh, PA 15219
Email: mgr@previant.com                                T.: (412) 281-8400
nde@previant.com                                       Email: edoyle@fdpklaw.com
                                                       jhurt@fdpklaw.com


                                                       William T. Payne
                                                       **FEINSTEIN DOYLE PAYNE**
                                                        **& KRAVEC, LLC**
                                                       Pittsburgh North Office
                                                       12 Eastern Avenue, Suite 203
                                                       Pittsburgh, PA 15215
                                                       T.: (412) 492-8797
                                                       Email: wpayne@fdpklaw.com

                              *Attorneys for Plaintiffs*