UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL MERRILL, GREGORY WEBER, JEFFREY CARPENTER on behalf of themselves and all other persons similarly situated; and UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC,<br><br>          Plaintiffs,<br>   v.<br><br>BRIGGS & STRATTON CORPORATION; GROUP INSURANCE PLAN OF BRIGGS & STRATTON CORPORATION, and DOES 1 THROUGH 20,<br><br>          Defendants. | Case No. 10-C-0700-LA |

## [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT

Currently before the Court is the motion of Plaintiffs Michael Merrill, Gregory Weber, and Jeffrey Carpenter, on behalf of the Classes certified by this Court by Order dated October 9, 2012, and Plaintiff the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union ("Union") to preliminarily approve the proposed stipulation of settlement of this class action ("Settlement Agreement"), to approve the form and method of providing notice to the Class of the proposed settlement and of Class Counsel's request for an award of attorneys' fees, costs and expenses, to set dates for objections to the proposed settlement, and to set a date for a fairness hearing on the proposed settlement.

The Court has reviewed the Settlement Agreement, as well as the submissions of Plaintiffs, and orders as follows:

1.	The Court previously certified this case as class action pursuant to Fed. R. Civ. P. 23(b)(1)(A).  Fed. R. Civ. P. 23(e) requires that the settlement of a class action be approved only after notice to the class and a hearing by the court to determine whether or not the settlement is fair, reasonable, and adequate.

2.	The Seventh Circuit provides for the approval of a class action settlement to occur through a two-step process.  "The first step is a preliminary, pre-notification hearing to determine whether the proposed settlement is 'within the range of possible approval.'"  Armstrong v. Bd. of Sch. Dirs. of Milwaukee, 616 F.2d 305, 313 (7th Cir. 1980), overruled on other grounds by Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998)

3.	In deciding whether to preliminarily approve a settlement, a court must consider (1) the strength of plaintiffs' case compared to the terms of the proposed settlement; (2) the likely complexity, length and expense of continued litigation; (3) the amount of opposition to settlement among effected parties; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.  Gautreaux v. Pierce, 690 F.2d 616, 631 (7th Cir. 1982); AT& T Mobility Wireless Data Services Sales Litigation, 270 F.R.D. 330, 346 (N.D. Ill., 2010)

4.	The Settlement Agreement is preliminarily approved subject to notice and a fairness hearing.  The Court preliminarily finds that the Settlement is capable of being finally approved under the Seventh Circuit's factors guiding the approval of settlements.

> a.	This case presents sufficiently disputed factual questions and complex legal issues that this Court denied both sides' motions for summary judgment;
>
> b.	There are substantial risks, expenses and delay likely in the event that this matter is not settled.  Because of this Court's denial of summary judgment on the parties' motions, liability and damages will need to be litigated through trial, and there is the likelihood of appeals as to each;

2

c. The parties have engaged in vigorous litigation to date;

d. The plaintiffs include the Union, which has substantial experience in litigating retiree medical claims;

e. Class Counsel have substantial experience in federal complex labor and ERISA litigation, including class litigation and are well-qualified to assess the value of the claims; and

f. The parties had completed merits discovery including expert discovery at the time that the Settlement was negotiated.

g. The Settlement appears to be the product of arm's length negotiations by experienced counsel who mediated this case before Jeffrey Lewis, an experienced private mediator.

h. Class Counsel have retained KCC, LLC, an experienced Settlement Administrator, to administer the settlement distributions.

5. Settling class claims and compromising claims for retirees, particularly in the collective bargaining area, is consistent with the public interest.

6. The Settlement appears on its face to be fair to the unnamed Class Members and they receive relief commensurate with the relief obtained against Defendants by the named Individual Plaintiffs.

7. The Court approves the form of the class notice submitted to the Court ("Notice") and directs that the Notice be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(1). Within seven (7) calendar days following entry of this order, Briggs shall send the Notice to each identified Class Member by first class mail at the Class Member's s current last known address. Should any Notices be returned as undeliverable, Briggs shall make further efforts to deliver those Notices. The mailing of the Notices to those Class Members provides due and sufficient notice of the proceedings, of the proposed settlement, of the settlement approval procedure, and of Class Counsel's request for an award of attorneys' fees, costs and expenses, thus satisfying the requirements of Fed. R. Cir. P. 23 and the requirements of due process. The Court finds that

3

such notice is the best notice practicable under the circumstances and will effectuate actual notice to the Class of the settlement and of Class Counsel's fee request.

8. In accordance with Section 9.2 of the Settlement Agreement, Briggs shall provide Class Counsel with information about the Class Members sufficient to administer the Plan of Allocation, including data related to Class Members' medical and prescription drug claims in computer-usable form, through July 31, 2016, necessary for the administration of the settlement and calculation of the amounts due under the Plan of Allocation.

9. A hearing will be conducted before this Court on [date] at [time] to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and the Plan of Allocation proposed by Class Counsel, and to consider Class Counsel's petition for an award of attorneys' fees, costs, and expenses ("Fee Petition"). Class Counsel shall file their Fee Petition on or before [date]. Any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement, the proposed Plan of Allocation, this Court's certification of the Class, including adequacy of representation; and/or Class Counsel's Fee Petition. However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement, the proposed Plan of Allocation, the Fee Petition or other matters, unless on or before [date], he or she files with the Clerk of this Court written objections, together with any Notice of Intention to Appear and any papers he or she proposed to submit to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on both of the following: (1) Marianne Robbins, The Previant Law Firm, 310 West Wisconsin Avenue, Suite 100, Milwaukee, WI 53203; and (2) Christopher

A. Weals, Morgan Lewis & Bockius, LLP, 1111 Pennsylvania Avenue, NW, Washington D.C. 20004.

10.     Any Class Member who does not file and serve his or her objection in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement or to Class Counsel's Fee Petition.

11.     The parties may submit briefs in response to any objection(s) and in support of final approval of the Settlement on or before [date].

12.     The fairness hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except that notice will be provided to any Class Member who has timely filed an objection.

Dated: _____, 2016

_____
Lynn Adelman
United States District Judge